IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00298-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 4 2008

GREGORY C. LANGHAM
CLERK

MIKEAL GLENN STINE,

    Plaintiff,

v.

MARK COLLINS, Unit Manager/ ADX,
TINA SUDLOW, Case Manager, ADX, and
GEORGE KNOX, Counselor, ADX,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Mikeal Glenn Stine is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. Mr. Stine has filed a *pro se* Petition for Writ of Mandamus. The Court must construe the Petition for Writ of Mandamus liberally because Mr. Stine is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the request will be denied and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the instant action, Mr. Stine claims that he is being denied his First Amendment right to access the courts. He further asserts that he also has a

constitutional right to communicate with another inmate regarding a prisoner complaint that they jointly filed in *Stine, et al., v. Lappin, et al.*, No. 07-cv-01839-BNB (D. Colo. Filed Aug. 27, 2007).

There is no constitutional right to inmate-to-inmate legal communications. The communications that Mr. Stine seeks is no different than the legal communication between inmates that was at issue in *Shaw v. Murphy*, 532 U.S. 223 (2001). The U.S. Supreme Court in *Shaw* found that inmate-to-inmate correspondence that includes legal assistance receives no more First Amendment protection than correspondence without any legal assistance. *Shaw*, 532 U.S. at 228. Regulating inmate-to-inmate communication is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78 (1987). Furthermore, Plaintiff is not prohibited from filing a separate action concerning any of the claims that he has raised, along with Mr. Oechsle, in Case Nos. 07-cv-01839-BNB and 08-cv-00164-BNB in this Court.

To the extent that Mr. Stine asserts he is denied access to the courts because he is unable to communicate with Mr. Oechsle, the claim is belied by the onslaught of filings that Mr. Stine has submitted to this Court. Since October 2006, Mr. Stine has filed ten prisoner complaints with this Court. In each case, he has inundated the Court with unnecessary and repetitive pleadings. It also is apparent to the Court that he is the writer of the pleadings that have been filed in Case Nos. 07-cv-01830-BNB and 08-00164-BNB.

To the extent that Mr. Stine has filed the instant action pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, however, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). To grant mandamus relief, the Court must find that the plaintiff has a clear right to the relief sought, that the defendant has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Mr. Stine fails to demonstrate that he has a clear right to the relief he seeks, that Defendants have a duty to perform the act in question, or that no other adequate remedy is available. Nonetheless, even if Mr. Stine were to file the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which provides him with an adequate remedy, the Complaint and action still would be dismissed as frivolous and malicious. Accordingly, it is

ORDERED that the Petition for Writ of Mandamus is denied. It is

FURTHER ORDERED that the action is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff is required to pay the $350.00 filing fee owed in the instant action in full pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 3 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00298-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/4/08

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                               Deputy Clerk